# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALAN C. SAMUELS,

    Plaintiff,

v.

DANA KEPNER COMPANY, INC., et al.,

    Defendants.

2:10-CV-686 JCM (RJJ)

## ORDER

Presently before the court is defendant Evofi One's motion to dismiss for lack of subject matter jurisdiction. (Doc. #13). Plaintiff Alan C. Samuels filed opposition (doc # 14), and defendant Evofi filed a reply.

Also before the court is plaintiff's motion for leave to amend his complaint. (Doc. #10). To date, no opposition has been filed.

**A.  Defendant's Motion to Dismiss**

In his complaint, plaintiff alleges defendant Evofi breached a contract, violated the Nevada Trade Practices Act, and engaged in other tortious conduct against the plaintiff. Plaintiff alleges defendant Dana Kepner Co. discriminated against plaintiff in violation of Title VII. Plaintiff filed this action in this court under the federal question jurisdiction based on the allegations against defendant Kepner Plaintiff maintains this court has subject matter jurisdiction over defendant Evofi under supplemental jurisdiction.

Defendant Evofi moves to dismiss for lack of subject matter jurisdiction, stating that the

**James C. Mahan**
**U.S. District Judge**

1  claims against it do not create supplemental jurisdiction because the claims made against it and
2  defendant Kepner are factually and legally separate and distinct. (Doc. #13). Plaintiff asserts the
3  two claims are so related that they form one case. (Doc. #14). However, defendant states that the
4  minimal facts shared in this case do not create a relation such that the cases are factually and legally
5  the same or similar. (Doc. #16).

6  Under 28 U.S.C. § 1367(a), supplemental jurisdiction over a party is appropriate if the claims
7  against it are "so related to claims in the action within such original jurisdiction that they form part
8  of the same case or controversy." In *United Mine Workers v. Gibbs,* 383 U.S. 715, 725 (1966), the
9  Supreme Court clarified that supplemental jurisdiction is appropriate when the claims are so related
10 that the parties "would ordinarily be expected to try them all in one judicial proceeding." Moreover,
11 as both parties point out, supplemental jurisdiction is appropriate when the claims share a "common
12 nucleus of operative fact." *See Id.* The Ninth Circuit has held that the standard set fort in *Gibbs* is
13 the controlling standard governing application of section 1367. *Mendoza v. Zirkle Fruit Co.*, 301
14 F.3d 1163, 1173 (9th Cir.2002).

15 Here, the claims against defendant Evofi and defendant Kepner are neither factually nor
16 legally the same or similar. The cases against each appear to possibly overlap factually on one point
17 only: whether defendant Evofi did send certain documents regarding plaintiff to defendant Kepner.
18 The claims do not overlap legally or factually beyond this single point. Each defendant will have
19 to prove its case through law and facts separately and distinctly. Therefore, this court finds that
20 because these claims are not so related as to "form part of the same case or controversy," and do not
21 appear to share a "common nucleus of operative fact."

22 Accordingly, this court declines to exercise supplemental jurisdiction over plaintiff's state
23 law claims against defendant Evofi and dismisses these claims without prejudice.

24 **B.  Plaintiff's Motion to Amend Complaint**

25 Plaintiff requests leave of the court to amend his complaint to add as bondholder Liberty
26 Mutual Group Inc. as a defendant. According to plaintiff, Liberty Mutual is the bond surety
27 company for defendant Evofi. As state above, this court declines to exercise supplemental
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

jurisdiction over the claims against defendant Evofi.  Therefore, this court shall deny the motion to amend as moot.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Evofi's motion to dismiss (doc. #13) be, and the same hereby is, GRANTED without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion to amend (doc #10) be, and the same hereby is, DENIED as moot.

DATED August 12, 2010.

_____
**UNITED STATES DISTRICT JUDGE**